Hay, J.
The plaintiff’s action is to procure the abatement of a nuisance by a mandatory order of the court.
The plaintiff shows in his petition, that there is a natural water course running through his farm-lands and *473 draining them; and into which he has constructed a system of tile underdrainage, for his premises, which system, heretofore, served all purposes of drainage for his farm and is his only outlet; that the defendant, the city of Fostoria, has constructed water works and a system of sewerage for the use of the city, and has arranged to get its necessary supply of water from this same natural water course, at a point on the city’s property, immediately below and adjoin-in the plaintiff’s lands; and in furtherance of the purpose of gathering water for the use of the city, has erected a dam across the said water course. That the said dam is of solid masonry and permanent in its character, and has the effect to obstruct the flow of the water and to back it onto plaintiff’s premises, flooding his lands, choking his tile drains, destroying his crops and injuring his property in every way. He also shows that the obstruction and injury is to be continued indefinitely, and the effect will be, not only to obstruct the free flow of the water, and damage to plaintiff, but that the dam will destroy the channel of the water course, by causing deposits of sand, soil and other material, The prayer is that the city, and its officers and agents, be restrained from maintaining the dam, or any dam or obstruction, or in any manner obstructing or interfering with the natural flow of the water in said stream or natural water course; and that the city, by the mandatory order of the court, be required to remove the obstructing dam from said stream.
The defendant city, by its answer, says, first: The court has no jurisdiction of the defendant city, or of the subject of the action; for the reason that the defendant is a municipal corporation, created under the laws of Ohio, situated and having its offices and place of business in Seneca county, Ohio, and that no service of process or summons has been, or can be, made upon it in Hancock county; but it has been brought into court by means of a pretended *474 process and service issued by the clerk of Hancock county and served in Seneca county by the sheriff of Seneca county. Second: That plaintiff is estopped to say and insist that the appliance, called by plaintiff a dam, shall be removed. For it says: it has constructed waterworks anda system of sewerage at an expense of more than $500.000; that this natural water course is the only source from which it can secure its water supply for the use of the corporation, and to guard against loss by fire; that the said appliance, or dam, is necessary to enable the city to procure its water supply for all purposes; that the construction of the dam has not obstructed the natural flow of the water or backed it on plaintiff to his injury; that it will greatly inconvenience and damage the city^ — will practically destroy the usefulness of the water works and sewerage systems, to remove the said dam or appliance; that it was constructed with the full knowledge and acquiescence of plaintiff, without any objection on his part, and with his active aid. and assistance; so that, under the circumstances, plaintiff ought not to be heard to ask its removal. There is also contained in the answer a denial that the dam causes the water to back upon and overflow plaintiff’s land, or interferes with his drainage, or chokes his tile, or injures his crops any more now than before the construction of the said dam. A reply denies all new matter in the answer setting up a substantive defense to the claim made in the petition.
This state of the pleadings presents three issues of law and fact necessary to be considered and decided, in order to a proper disposition of the case: 1. Has the court jurisdiction of the defendant and the subject matter of the action? 2. Does the dam or appliance obstruct the natural Sow of the water, to the nuisance and hurt of the plaintiff? 3. Is the plaintiff estopped by his conduct, to ask and insist on the removal of the dam, if it is an obstruction?
1. Jurisdiction is the right and power to hear and decide, *475 and is essential to the validity of the judgment or decree entered. If the court has not jurisdiction of the matter adjudicated, the judgment rendered is of no validity or binding force whatever, but is absolutely void. Hence, the question of jurisdiction, raised by the answer, is a very important one in this case, since the judgment asked to be rendered, depends for its validity upon that fact appearing, affirmatively, of record. Jurisdiction- is acquired, ordinarily, by commencing an action — filing a petition, containing a statement of the facts touching which relief is asked, in the proper court, against the proper party, and causing the proper process to be issued by the clerk, and served by the sheriff or other officer or authorized person. When this is done, jurisdiction attaches, and the court is clothed with right and power to hear and determine all questions properly arising. The commencement of the action — the time, place, parties, process — the various steps necessary to be taken, so that an action is pending in a court of competent jurisdiction, is entirely the subject of statutory provision, various sections of the code of civil procedure making full and ample provision for the proper commencement of civil actions, and so plain are these provisions there need be no going wrong. In this case, the acts necessary to exhibit jurisdiction, or the absence of it, are all conceded by the parties, and are as follows: The cause of action arose in Hancock county. The plaintiff’s farm and residence are in the same county. The defendant, the City of Fostoria, is a municipal corporation, created under the laws of this state, and is situated in Seneca and Hancock counties. The mayor resides in the city in Seneca county, and has his office in Seneca county, The petition in the case was filed in the court of common pleas of Hancock county; a summons was duly issued, on precipe filed for that purpose, directed to the sheriff in Seneca county, who received it and duly served it on the mayor of the city of Fostoria, at the office *476 of the mayor thereof, in the city of Fostoria in Seneca county, and made return of such service to the court of Hancock county,
Did all this accomplish the pendency of an action, and give the court of common pleas of Hancock county jurisdiction ? is the question. A careful consideration of the provisions of the various sections of the code, having reference to the subject, leads us to the conclusion that jurisdiction was acquired by the lower court.
Section 5026, Revised Statutes, provides: “An action against a corporation created under the laws of the state, may be brought in the county in which such corporation is situated, or has its principal office or place of business. ” The city of Fostoria is situated in both Hancock and Seneca counties, and has its office of mayor in Seneca county; and under the provisions of the section, just now quoted, the action might, with entire propriety, be brought in either county, at the election of the plaintiff. The suit having been commenced in Hancock county, where the city has a situs, we hold the action was rightly brought. Section 5038 Revised Statutes provides: “When the action is rightly'brought in any county, according to chapter 5 of this division, (sec. 5026 is part of chapter 5), a summons may be issued to any other county, against one or more of the defendants, at plaintiff’s request.” Section 5044 Revised Statutes provides: “A summons against a corporation may be served upon the president, mayor, or chairman,or other chief officer.”
The provisions of the three sections, just quoted, it is believed, furnished ample authority for the course pursued in instituting this case, and it follows the court of common pleas was clothed with jurisdiction, which was transferred to this court by the appeal.
2. As to the second proposition: Does the dam,, erected by defendant, obstruct the natural flow of the water, to such an extent as to be hurtful to plaintiff, not much need be said. This needs no elabora *477 tion,for it goes without saying that a dam of solid masonry, built across a running stream of water, will most decidedly and to the utmost of its ability, dam things, and cause the running water to be obstructed and to back up and overflow. The facts appearing are, that the channel of this water way is only twenty feet wide, that defendant has constructed a dam of solid masonry to the full height of its banks in fourteen of the twenty feet, leaving an open way of only six feet, through which, when the gate is opened, the water can flow unobstructed. More than two thirds of the entire channel is closed effectually and permanently. It is clearly proven that this dam is an obstruction; that it, in times of high water, seriously injures the property and property rights of the plaintiff; so much so, that the court is of opinion he is entitled to have the relief he seeks, unless he has estopped himself, in equity, by his conduct in the transaction of constructing the system of water works and sewerage, and especially the dam as a means of supplying the system with necessary water. 3. The claimed estoppel by conduct is based on these facts: The defendant city constructed its water works and sewerage system at an expense of more than a half million dollars, to be supplied with water from the water course running through plaintiff’s farm. Plaintiff had knowledge of the city’s purpose, and saw the act of construction going forward, saw men at work in the building of the improvement; and actually furnished some of the material for the construction of the dam, and knew, at the time that it was to be used as an appliance for gathering dr impounding the water, from the' channel of the water course, to supply the said system of water works and sewerage; and during all the time it was in course of construction, plaintiff being fully aware of what was going forward and of the purposes of the improvement, yet he was silent and made no objection or protest against it, but apparently acquiescing in and - encouraging its con *478 struction and the expenditure of such vast sums of money, until the expenditure was made and the said public improvement completed. It is assumed by the defendant city that the removal of this particular dam,as now asked, will entail great loss and damage on the city — will in fact involve the abandonment and entire destruction of the two works; or, the expenditure of many thousand of money, to retrieve the situation and preserve the systems for the beneficial use of the municipality.
These are all the facts and assumptions upon which is predicated the claim of estoppel. It is observed that no claim is made,or attempted to be established,by the evidence, that plaintiff misrepresented the facts or mislead the city, in any way, or that he induced the defendant, by any act, conduct or statement of his, to do or not to do anything in the premises it would not otherwise have done or left undone. Plaintiff committed no affirmative act, but simply remained silent. • Mere silence will not create an estoppel,unless there is a duty to.speak; and it does not appear there was, in this case, any such duty resting on plaintiff. The defendant city had a legal right to construct water works and sewers and to gather its water from the stream in question, having due regard to the rights and uses of other riparian owners, without let or hinderance from any such ownpr, and the plaintiff was not bound to interfere or object. He had the legal right to refrain from interference, and his knowledge that the city was exercising its legal rights in constructing the improvement, did njt require him to protest against it, under penalty of the loss of his own rights. The plaintiff simply attended to his own business, and allowed the city to carry forward to completion, its business in peace and quiet; and in all this there is scarcely to be found a single element of equitable estoppel. In the 107 N. Y. 310, Justice Peckham, now of the United States Supreme Court, formulating the opinion, it is held: “To *479 create equitable estoppel, the person sought to be estopped must do some act or make some admission to- influence the conduct of another, which act or admission is inconsistent with the claim he now proposes to make; and the other party must have acted on the strength of such act or admission.” 1 A. S. R. 822. Again, “in the case of Wheaton v. North British and Mercantile Insurance Company, 76 California 415: 9 A. S. R. 216, it is said: ‘‘Equitable estoppel is only called into existence for the prevention of wrong and the redress of injury. There must be some element of wrong in the action of the party creating it. He must know, or have sufficient reason to believe, that another will place himself in a different position, or subject himself to additional injury in consequence of the action or representation.” In the same case, 9th syllabus, it is said: ‘‘If no act has been done or left undone, in reliance on the action or non-action of the party claimed to be estouped, there can be no estopple. An estoppel can never arise by implication alone, except by some conduct which induces action in reliance upon it to an extent which renders it a fraud to recede from what the party has been induced to expect.” All the authorities are of this import. The element of fraud or wrong is essential to constitute equitable estoppel; and before the remedy can be called into effect, there must be some injury to be redressed or prevented. In this case there is no element of fraud or wrong ou the part of plaintiff appearing. He did no act, made no declaration or admission for the purpose of influencing the conduct of the city with reference to the matter of constructing the public improvement, and the city authorities were in nowise influenced, and did nothing, and left nothing undone, in reliance on the action or non-action, conduct, or representations, of the plaintiff, in any sense whatever. So the essential element of wrong is wanting, and the injury which it is assumed will come to the defendant *480 city if the prayer of the petition is granted, it seems to us, is greatly magnified, if it is not altogether an assumption, Beyond the mere expense of constructing a proper appliance for gathering the necessary water to supply the needs of the city, we are unable to perceive how any injury can result from the removal of the dam. The legal right of the city to’gather, and store away, its water supply from the surface water of the water way in question, in a proper way,, is not called in question by plaintiff, or doubted by the court. No proposition to deprive the city of this right is involved. No assault is made, or suggested, against the defendant’s water works system, or its right to get its supply of water from the natural water way; but only on the character of the appliance being used to get it; that is said to be an obstruction and a nuisance hurtful to plaintiff, and the only relief asked, or that will be granted, is that the defendant city be not allowed to obstruct the natural water way, to the injury of plaintiff, but that it be required to gather its supply of water in a proper manner, and by appliances that, while they may be effective, will be not at all obstructive. The court is of opinion this can be . done easily and cheaply. The channel of this stream is only some twenty feet wide, and about five feet in depth; certainly not so formidable and vast, but that the engineering science, in this dawn of the twentieth century, can be relied on to contrive some means of diverting a portion of its water, into the city reservoirs, for a few brief hours at a time, at long intervals, and leave it free, and altogether unobstructed, the residue of the time.
The best interest of both, plaintiff and city, lies in the preservation of this natural water way in all its integrity. It is not to the interest of either that it be obstructed unnecessarily and its efficiency lessened or destroyed, and they should make common cause in preserving it from injury. We think these parties should not be found litigating con- *481 earning the matter. Their interests are not adverse, but identical, and it is unfortunate that sufficient conservatism and wisdom has not .been developed to lead them to perceive the true situation, and so act in harmony as to best serve and preserve their mutual rights and interests.
Geo. H. Phelps and O. D. Dwiggins, for Plaintiff.
J. M. Bever, J. A. & E. V. Bope, for Defendant.
It is urged that “plaintiff is not entitled to injunction in .this case, because he has a remedy at law by action for damages etc. It may be conceded plaintiff might bring and maintain suits for damages in every instance where he suffers damage, and might recover; but inasmuch as the obstruction here is permanent, entailing damage continuously, and necessitating frequent and continuous litigation with uncertain results and certain costs, expense and trouble, we suggest that the remedy at law is not adequate.
We think the best thing to do, under the circumstances, ib to remove the occasion of litigation, and leave the parties free to pursue their respective ways, unvexed by pending law suits, as neighbors should.
There will be a mandatory order removing the dam, and time will be given for its removal until November 1, 1897, and’defendant is required to pay the costs.